James T. Burton (#11875)
Michael A. Eixenberger (#16446)
**KIRTON | MCCONKIE**
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 328-3600
jburton@kmclaw.com
meixenberger@kmclaw.com

Jeffrey D. Blake (*Pro Hac Vice Forthcoming*)
**MERCHANT & GOULD P.C.**
191 Peachtree Street N.E., Suite 3800
Atlanta, GA 30303
Telephone: (404) 954-5100
Facsimile: (404) 954-5099
jblake@merchantgould.com

*Counsel for Plaintiff Lollipropos Inc. d/b/a Tempaper & Co.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| LOLLIPROPS INC. D/B/A TEMPAPER & CO.,<br><br>Plaintiff,<br><br>vs.<br><br>LOVE VS. DESIGN,<br><br>Defendant. | **COMPLAINT**<br><br>Civil Action No. 2:26-cv-00822<br><br>Judge ______________<br><br>**Jury Trial Demanded** |

Plaintiff Lollipropos Inc. d/b/a Tempaper & Co. ("Tempaper"), through its undersigned attorneys, for its Complaint against Defendant Love vs. Design ("Defendant") alleges as follows:

## THE PARTIES

1. Tempaper is a privately-held New York corporation with its principal place of business at 381 Mantoloking Road #1, Brick, New Jersey 08723.

2. On information and belief, Defendant is a privately-held Utah entity with its principal place of business at 109 N 300 W, Washington, UT 84780.

**JURISDICTION**

3. This is an action for patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271, *et seq*.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant has a place of business at 109 N 300 W, Washington, UT 84780, where Defendant operates its brand Love vs. Design that manufactures and sells accused wall covering products.

6. Venue is proper in this District as to Defendant because Defendant has a principal place of business in this District, and, on information and belief, engages in making, using, offering for sale or selling wall covering products in this District that are accused of infringing the asserted patent-in-suit (as discussed in detail below).

**BACKGROUND**

**The Tempaper Patent**

7. Tempaper is a nationally-acclaimed manufacturer of removable, peel and stick wallpaper products. (*See* www.tempaper.com.) Peel and stick, removable wallpaper is an innovative technology in the world of home decor that allows homeowners the ability to select different wallpapers that infuse color, texture, or patterns into any room. An example of Tempaper's innovative removable, peel and stick wallpaper is shown below:



**Example of Tempaper's Removable, Peel and Stick Wallpaper**

8. Tempaper began on a New York City production set in 2005. Faced with the hassle of installing and removing traditional wallpaper, Tempaper saw an opportunity to create a removable, self-adhesive wallpaper that looks high-end, feels premium, and installs with ease. As a family-founded company, Tempaper grew from a single bold idea into a leading force in wallpaper. Tempaper collaborates with master printers, engravers, designers, and hand-mixing colorists to craft wallpaper that elevate homes and spaces around the world. Tempaper believes in three things: high style, high quality, and products that embody those two things being accessible to all.

9. Over the years, Tempaper's innovation and design leadership have been recognized across the industry. From being named an NYCxDESIGN Honoree to earning a spot on the Inc. 5000 list, Tempaper's journey is marked by creativity and impact. Tempaper has been featured in Forbes Home, Better Homes & Gardens, Architectural Digest, and Elle Décor. In 2024, Tempaper was named Best Removable Wallpaper by Better Homes & Gardens, and its 2025 Tempaper x Jeremiah Brent Nostalgia Collection earned a Domino Good Design Award for originality and bold expression.

10. In connection with its innovative design and development work, Tempaper has invested significant resources in protecting the intellectual property that underlies its wallpaper products. That intellectual property includes United States Patent No. 8,367,176 ("the '176 Patent"), entitled "Repositionable, Self-Adhesive Wallpaper," which the United States Patent and Trademark Office duly and legally issued to Tempaper on February 5, 2013. The invention claimed in the '176 Patent was the result of extensive research and development work by Tempaper.

11. Tempaper is the owner of all right, title, and interest in the '176 Patent, including the right to sue for past and ongoing infringement. A true and correct copy of the '176 Patent is attached hereto as Exhibit A.

**<u>The Infringing Products</u>**

12. Defendant is a Utah-based company that was founded in 2020. Defendant makes, uses, offers for sale, sells or imports into the United States removable peel and stick wallpaper products, as demonstrated by the section of Defendant's website reproduced below:




**Excerpt from Defendant's Website (www.lovevsdesign.com; Exhibit B)**

**<u>COUNT I – PATENT INFRINGEMENT OF THE '176 PATENT</u>**

13. Tempaper incorporates Paragraphs 1-12 by reference as if set forth fully as part of this count.

14. Defendant has directly infringed and continues to directly infringe, literally and/or under the Doctrine of Equivalents, at least independent Claim 1 of the '176 Patent by making,

offering for sale, using, or selling its removable peel and stick wallpaper products. Claim 1 of the ’176 Patent reads as follows:

> 1. A repositionable surface covering, comprising:
>
> a vinyl sheet having a front surface and a rear surface, the front surface further comprising a surface coating, the surface coating capable of having an image printed thereon;
>
> a removable backing layer comprising a paper and a release agent; and
>
> a pressure sensitive adhesive disposed between the sheet rear surface and the backing layer, the adhesive being an acrylic emulsion adhesive applied to the rear surface, wherein the adhesive is an acrylic emulsion adhesive characterized by an alkaline pH, a minimum application temperature of +20 degrees F., a service temperature range from 0 degrees F. to +150 degrees F., and regulatory compliances of FDA 21, CFR 175, 105, 176, 170, and 180 for incidental food contact, CONEG, Heavy Metals, ASTM 963a, and Child Toy Safety,
>
> such that after the backing layer has been separated to expose the adhesive the surface covering can be applied to a surface, and the applied surface covering can be removed from the surface and the surface covering can be repositioned and/or reused.

(Exhibit A at Col. 6:46-67.)

15. Defendant is and has been on notice of the alleged infringement of the ’176 Patent at least as of July 3, 2025, when Tempaper sent the notice letter attached as Exhibit C to Defendant. Further, Tempaper has provided significant information to Defendant demonstrating the infringement by the Peel and Stick wallpaper products. (*See* Exhibits B-D.) However, Defendant has refused efforts to cease the infringement or otherwise reach a resolution of this matter. Continuing to make, offer for sale, use, sell or import its accused removable Peel and Stick wallpaper products constitutes willful infringement.

16. Defendant has also induced, and continues to induce, infringement of at least independent Claim 1 of the ’176 Patent at least by offering for sale and selling its accused

removable Peel and Stick wallpaper products directly to customers or through retailers to customers. Defendant has instructed and encouraged, and continues to instruct and encourage, its customers or customers of its distributors to use its accused removable Peel and Stick wallpaper products in a manner that embodies the invention(s) claimed in the ’176 Patent.

17. On information and belief, Defendant knows that its sale of its accused removable Peel and Stick wallpaper products and instructions for use of the same will induce customers to directly infringe the ’176 Patent. On information and belief, Defendant’s marketing materials and instructions for use of its accused removable Peel and Stick wallpaper products in a manner claimed by the ’176 Patent demonstrate Defendant intends to induce customers to infringe the ’176 Patent.

18. Tempaper has been damaged by Defendant’s infringement of the ’176 Patent and its tarnishing of the reputation of wallpaper products and will continue to be damaged in the future unless Defendant is permanently enjoined from infringing, directly or indirectly, the ’176 Patent.

## REQUEST FOR RELIEF

Tempaper requests the following relief:

a. A judgment that Defendant has infringed United States Patent No. 8,367,176, and that such infringement has been willful;

b. An injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under or through it from directly or indirectly infringing United States Patent No. 8,367,176;

c. A judgment and order requiring Defendant to pay all damages arising out of Defendant's infringement of United States Patent No. 8,367,176, including at least a reasonable royalty damages amount to be determined;

d. A judgment and order that Defendant is committing and has committed willful infringement, and that Tempaper is entitled to treble damages for that willful infringement as provided by 35 U.S.C. § 284, with interest;

e. A judgment and order directing Defendant to pay the costs and expenses of this action and attorneys' fees as provided by 35 U.S.C. § 285 and under other applicable law, with interest; and

f. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Tempaper hereby demands that all issues be determined by jury.

DATED this 3rd day of September 2026.

Respectfully submitted,

**KIRTON | McCONKIE**

By: */s/ Michael A. Eixenberger*
James T. Burton
Michael A. Eixenberger

Jeffrey D. Blake
*Pro Hac Vice Forthcoming*
**MERCHANT & GOULD P.C.**

*Counsel for Plaintiff*
*Lollipops Inc. d/b/a Tempaper & Co.*