James T. Burton (#11875)
Michael A. Eixenberger (#16446)
**KIRTON | MCCONKIE**
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 328-3600
jburton@kmclaw.com
meixenberger@kmclaw.com

Jeffrey D. Blake (*Pro Hac Vice Forthcoming*)
**MERCHANT & GOULD P.C.**
191 Peachtree Street N.E., Suite 3800
Atlanta, GA 30303
Telephone: (404) 954-5100
Facsimile: (404) 954-5099
jblake@merchantgould.com

*Counsel for Plaintiff Lollipops Inc. d/b/a Tempaper & Co.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| LOLLIPROPS INC. D/B/A TEMPAPER & CO.,<br><br>Plaintiff,<br><br>vs.<br><br>LOVE VS. DESIGN,<br><br>Defendant. | **MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT D TO PLAINTIFF'S COMPLAINT**<br><br>Civil Action No. 2:26-cv-00822<br><br>Judge ______________________ |

Pursuant to DUCivR 5-3(a)(1), Plaintiff Lollipops Inc. d/b/a Tempaper & Co. ("Tempaper"), through its undersigned attorneys, hereby respectfully files this Motion for Leave to File Under Seal Exhibit D to its Complaint.

While "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents[,] . . . the right to

inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). Indeed, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might . . . become a vehicle for improper purposes." *Id.* at 598. In this regard, "the common-law right of inspection has bowed before the power of a court to ensure that its records" do not "serve as . . . sources of business information that might harm the litigant's competitive standing." *Id.* at 597. To this end, DUCivR 5-3(a)(1) provides that "[o]n motion of a party and a showing of good cause, a judge may order that a Document be sealed." DUCIVR 5-3(a)(1).

Good cause exists here. Exhibit D to Tempaper's Complaint contains the results of confidential, nonpublic product testing commissioned by Tempaper in connection with its investigation of Defendant's products. The testing reflects proprietary technical information concerning the characteristics and performance of the products tested that Tempaper has not made publicly available. Public disclosure of Exhibit D would therefore disclose nonpublic technical and business information that could be used by competitors or other third parties. These concerns are not eliminated simply because portions of the information are relevant to Tempaper's claims. Rather, they are precisely the type of competitive concerns that justify limiting public access under *Nixon*. Moreover, Tempaper's request is narrowly tailored. Tempaper does not seek to seal the Complaint or otherwise prevent the public from understanding the nature or basis of its claims. It seeks only to seal Exhibit D, which contains the confidential information at issue. Thus, sealing Exhibit D protects Tempaper's legitimate confidentiality interests without unnecessarily restricting public access to the remainder of the record.

Accordingly, Tempaper respectfully request that the instant motion to seal be granted and the attached order be entered by the Court.

DATED this 3rd day of September 2026.

Respectfully submitted,

**KIRTON | McCONKIE**

By: *<u>/s/ Michael A. Eixenberger</u>*
James T. Burton
Michael A. Eixenberger

Jeffrey D. Blake
*Pro Hac Vice Forthcoming*
**MERCHANT & GOULD P.C.**

*Counsel for Plaintiff*
*Lollipops Inc. d/b/a Tempaper & Co.*